IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELODY LOUISE OLMAN,                          Civ. No. 06-6070-HO

        Plaintiff,                          ORDER

    v.

LOUIS THOMAS HANSELMANN, et al.,

        Defendants.


    Defendants Hardy Myers and Theresa Wingard filed a motion to dismiss for lack of personal jurisdiction based on insufficient service of process.  Defendants Susan Ban and Joan Kehoe filed a motion to dismiss based on the same ground.

    The court ordered that service of the summons and complaint shall be made by the United States Marshal's Service.  Process returns and mailing receipts indicate that the Marshal's Service sent copies of summonses and complaint by certified mail to defendants Myers and Wingard at addresses provided by plaintiff. Docs. [## 27, 28].  Waynette Fricano and another individual signed for delivery of the documents.  Id.  Myers and Wingard

identify Fricano as an Office Specialist.

Other process returns indicate that the Marshal's Service served Leslie Cohen in lieu of Ban, and served Laura Rufner in lieu of Kehoe.  Docs. No. [##30, 31].

The methods of service employed by the Marshal's Service do not appear to be among the methods authorized in Rule 4(e)(2) of the Federal Rules of Civil Procedure, or the presumptively valid methods specified in Rules 7D(2) and 7D(3)(a)(i) of the Oregon Rules of Civil Procedure.  See Fed. R. Civ. P. 4(e)(1) (authorizing service methods permitted by state law).  The court lacks sufficient information to determine whether any of the methods are nevertheless reasonably calculated to provide adequate notice of the pending action.  Or. R. Civ. P. 7D(1). Defendant does not argue that the Marshal's Service could not have effected personal service on defendants at the addresses provided by plaintiff.

The failure of the Marshal's Service to effect proper service constitutes good cause to extend the time limit for plaintiff to effect proper service.  See Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990) abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  The court will deny defendants' motions and extend the time limit for proper service. The court will schedule a telephone conference to ensure that the Marshal's Service receives all of the information necessary to

2 - ORDER

effect proper service on these defendants.[1]  The court will determine a new time limit for plaintiff to effect service at or after the telephone conference.

Conclusion

Defendants' motions to dismiss [## 9 & 14] are denied.  The deputy clerk is directed to schedule a telephone conference regarding the issue of service on defendants Myers, Wingard, Ban and Kehoe.  At the conference, counsel for defendants shall verify whether defendants may be personally served at the following addresses indicated on the process returns: for defendant Myers - 1162 Court Street NE, Salem, Oregon, 97301; for defendant Wingard - 4035 12th Street SE, Salem, Oregon, 97302; for defendant Ban - 1790 West 11th Street, Eugene, Oregon, 97401; for defendant Kehoe - 969 Highway 99 North, Eugene, Oregon 97402.  Docs. [## 27, 28, 30 & 31].  If any of these defendants may not be personally served at the specified address, counsel shall provide additional information sufficient to permit the Marshal's Service to effect service on any such defendant by personal,

///


///

---

[1]It appears that Larry Johnson personally served Kehoe on August 15, 2006.  Doc. [#17].  If not, counsel for Kehoe should advise the court at the telephone conference.

3 - ORDER

substituted, office or mail service as specified in Rules 7D(2) and 7D(3)(a)(i) of the Oregon Rules of Civil Procedure.

IT IS SO ORDERED.

DATED this ___3rd___ day of October, 2006.


___s/ Michael R. Hogan___
United States District Judge

4 - ORDER