```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

MELODY LOUISE OLMAN,                          Civ. No. 06-6070-HO

          Plaintiff,                          ORDER

     v.

LOUIS THOMAS HANSELMANN, et al.,

          Defendants.
```

Plaintiff's claims for damages stem from the alleged wrongful denial of crime victim assistance funds. Defendants Myers and Wingard filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Plaintiff filed a motion to strike defendants' motion to dismiss as a sham.

## Discussion

The amended complaint alleges that Myers and Wingard are state officials sued in their individual and official capacities. Amended Complaint, ¶¶ 3, 5. Defendants contend that plaintiff's claims are barred by the Eleventh Amendment. Plaintiff correctly

argues that the Eleventh Amendment does not bar Section 1983[1] individual capacity claims for damages against state officials, or official capacity claims for injunctive relief against state officials. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). The amended complaint contains no request for injunctive relief, however.

## Conclusion

Based on the foregoing, defendant Myers and Wingard's motion to dismiss [#41] is granted to the extent that official capacity damages claims against Myers and Wingard under 42 U.S.C. § 1983 are dismissed. Plaintiff's motion to strike [#44] is denied.

IT IS SO ORDERED.

DATED this   4th   day of December, 2006.

                                              s/ Michael R. Hogan
                                           United States District Judge

---

[1] <u>See</u> 42 U.S.C. § 1983.