```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

MELODY LOUISE OLMAN,                      Civ. No. 06-6070-HO

               Plaintiff,                 ORDER

       v.

LOUIS THOMAS HANSELMANN, et al.,

               Defendants.
```

Based in part on plaintiff's representations that she had become fit to participate in her deposition and would participate in her deposition, the court denied defendants' motions for sanctions, including dismissal. Order dated April 10, 2007. The court warned that plaintiff's failure to complete her deposition may result in dismissal of the case. Id. at 3. Defendants filed another round of motions for sanctions and dismissal, now before the court. Defendants Myers and Wingard also filed a motion for stay. Plaintiff filed a motion for leave to file a second amended complaint to include additional allegations gleaned from discovery.

## Discussion

The history of defendants' efforts to obtain discovery from plaintiff is recounted in detail in the declaration of Mark D. Lay, filed May 29, 2007.  <u>See</u> <u>also</u> Order dated April 10, 2007. Beginning in October, 2006, defendants attempted to secure plaintiff's deposition testimony.  Plaintiff responded that she would not appear for her deposition in the absence of an order from the court.  The court granted a motion to compel, noting plaintiff's obligation to participate in her deposition in the absence of a protective order.  Order dated November 17, 2006. Plaintiff filed a motion for protective order, which the court denied.  Order dated January 23, 2007.  Plaintiff missed a court-ordered deadline to confer and agree to a time and place for her deposition.  The court denied defendants' motions for sanctions and dismissals, and granted a final opportunity for plaintiff to complete her deposition.  The court warned that failure to complete the deposition may result in dismissal of the case. Order dated April 10, 2007.  On May 18, 2007, plaintiff walked out of her deposition after approximately one hour and fifteen minutes, precipitating the latest round of motions for sanctions by defendants.

Plaintiff filed a declaration stating that she suffers from post traumatic stress syndrome, her former husband attempted to kill her with a physical beating, and the questions posed at the

May 18, 2007 deposition "brought [her] back to the beating as if it was happening all over again."  Olmon Decl. filed June 15, 2007.  In the order dated January 23, 2007, the court noted the absence of medical evidence of plaintiff's condition, that past abuse is not central to plaintiff's claims, and that the decision to name plaintiff's attacker as a defendant indicates some ability of plaintiff to recollect traumatic events.  Order dated January 23, 2007 at 2.

    Citing to Rule 30(d)(4) of the Federal Rules of Civil Procedure, plaintiff now requests that the court order her deposition resumed by telephone.  She argues that defense counsel intentionally induced a post traumatic stress syndrome attack at the May 18, 2007 deposition by striking her testimony and stating she was untruthful and dishonest in her testimony.

    The court has no reason to believe that plaintiff will complete her deposition if it is resumed by telephone. Plaintiff's repeated noncompliance with court orders deprives defendants of needed discovery and results in unnecessary expense to defendants.  For these reasons, and plaintiff's representations of indigence, the court finds that dismissal of the case is warranted for plaintiff's failure to complete her
///


///

3 - ORDER

deposition. The court declines to order monetary sanctions based on plaintiff's declarations of indigence.

## Conclusion

Based on the foregoing, defendants' motions to dismiss and for sanctions [##111 & 113] are granted in part, and denied in part; plaintiff's motion under Fed. R. Civ. P. 30(d)(4) [#117] is denied; all other pending motions are denied as moot; this action is dismissed.

IT IS SO ORDERED.

DATED this __28th__ day of June, 2007.

                                                   s/ Michael R. Hogan
                                                  United States District Judge

4 - ORDER